**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALAN STEFAN, | CASE NO. 5:22-CV-00754 |
| Plaintiff, | |
| | JUDGE PAMELA A. BARKER |
| vs. | |
| | MAGISTRATE JUDGE AMANDA M. KNAPP |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | **REPORT AND RECOMMENDATION** |

## I.  Introduction

Pending before the Court is Plaintiff Alan Stefan's ("Plaintiff") Motion for Attorney Fees, seeking approval of attorney fees in the amount of $30,000.00 pursuant to 42 U.S.C. § 406(b)(1) for Plaintiff's counsel's work in federal court.  (ECF Doc. 10.)  The Commissioner filed a response indicating that he neither supports nor opposes the Motion, noting he "has no direct financial stake in the outcome of the motion" and deferring to the Court to assess the reasonableness of the requested fees under applicable law.  (ECF Doc. 12.)

This matter has been referred to the undersigned Magistrate Judge for disposition (*see* Non-Document Order dated September 10, 2024) and is ripe for determination.  For the reasons set forth below, and pursuant to Fed. R. Civ. P. 54(d)(2)(D) and Fed. R. Civ. P. 72(b), the undersigned recommends that Court **GRANT IN PART and DENY IN PART** Plaintiff's Motion (ECF Doc. 10) and award Plaintiff's counsel $15,870.00 under 42 U.S.C. § 406(b)(1).

1

## II.      Background

Plaintiff's counsel filed the present motion after Plaintiff obtained an award of past-due disability insurance benefits in the approximate amount of $197,600.00 (ECF Doc. 10, p. 1), following this Court's stipulated remand order (ECF Doc. 9).  The amount of the award was based on a finding that Plaintiff became disabled on November 12, 2018.  (ECF Doc. 10-2, p. 2.) The Complaint in this case was filed on May 10, 2022 (ECF Doc. 1) and the case was dismissed pursuant to a Joint Stipulation to Remand on October 7, 2022 (ECF Doc. 9), following the filing of Plaintiff's Brief on the Merits on August 22, 2022 (ECF Doc. 7).  The Social Security Administration, which typically withholds 25% of past due benefits for possible payment of attorney's fees, withheld $49,407.25 from Plaintiff's past due benefits.  (ECF Doc. 10-2, p. 3.)

Plaintiff signed a fee agreement in which he agreed to pay the attorney's fees approved by this Court out of his past due benefits, provided that the court and administrative hearing fees did not exceed 25% of the total of all past due benefits.  (ECF Doc. 10-4.)  In that agreement, Plaintiff assigned any Equal Access of Justice Act ("EAJA") fees awarded by the Court to his counsel; but if fees were also paid out of past due benefits, the agreement required Plaintiff's counsel to refund the lower of the EAJA fees or the fees paid out of Plaintiff's benefits.  (*Id.*)

Plaintiff's counsel now seeks attorney fees in the amount of $30,000.00 from Plaintiff's past due benefits.  (ECF Doc. 10.)  In support, counsel has submitted a table documenting 27.6 hours that she reportedly expended in connection with the federal court litigation, including 8 hours spent reviewing the transcript and 18.5 hours spent researching and writing the Brief on the Merits.  (ECF Doc. 10-3; *see* ECF Doc. 7.)  The requested fee award is less than the 25% contingent fee agreed to by Plaintiff, which apparently amounts to $49,407.25.  Based on the reported hours of work, the requested fees would be equivalent to an hourly rate of $1086.96.

### III.     Law and Analysis

**A.     Legal Standard**

There are two avenues to recover attorney fees in a social security disability case brought in federal court.  First, under the EAJA, a prevailing party in any proceedings for judicial review of an agency action may recover attorney fees and costs from the government.  *See* 28 U.S.C. § 2412(d).  An EAJA fee award cannot exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Second, under 42 U.S.C. § 406(b)(1), a court that has entered a judgment favorable to a social security disability claimant may order that reasonable attorney's fees be paid out of the past-due benefits, but those fees must not exceed "25 percent of the total of the past-due benefits."  *Id.*  In cases where both EAJA fees and Section 406(b) fees are awarded, the attorney must return the smaller fee award to the plaintiff.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

In this case, Plaintiff's counsel seeks an award of reasonable attorney's fees under 42 U.S.C. § 406(b)(1).  She did not timely seek an award of EAJA fees.

The Supreme Court has explained that § 406(b) requires courts to conduct an independent review of contingency-fee agreements—which are acknowledged to be "the primary means by which fees are set for successfully representing Social Security benefits claimants in court"—to assure that the agreement has yielded reasonable results.  *Gisbrecht*, 535 U.S. at 807.  After the agreement has been tested for reasonableness, the attorney's recovery may be reduced "based on the character of the representation and the results achieved," where "the attorney is responsible for delay," and where "the benefits are large in comparison to the amount of time counsel spent on the case."  *Gisbrecht*, 535 U.S. at 808.  Courts may also require attorneys to submit "a record

3

of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" to aid in the court's "assessment of the reasonableness of the fee yielded by the fee agreement." *Id.*

The Sixth Circuit accords "a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir.1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989) (en banc)).  Under this standard, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable" and a rebuttable presumption of reasonableness applies if the hypothetical hourly rate is more than twice the standard rate but less than 25% of past-due benefits.  *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 422).  The presumption of reasonableness is rebutted where the court finds: (1) there is "improper conduct or ineffectiveness of counsel"; or (2) "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Hayes*, 923 F.2d at 420–21 (emphasis removed).

The first step in applying this standard is to determine what "standard rate" is applicable, to ascertain whether the fee being requested is per se reasonable.  If the fee is not per se reasonable, the next step is to assess the reasonableness of the requested award.

## B.     Standard Hourly Rate

"The Sixth Circuit has not provided definitive guidance on how district courts should calculate the 'standard rate.'" *Hostetter v. Comm'r of Soc. Sec.*, No. 3:20-CV-2121, 2024 WL 1638918, at *1 (N.D. Ohio Apr. 16, 2024).  Some courts have "used the EAJA rate of payment as proxy for the 'standard rate' in the *Hayes* equation," *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 830 (S.D. Ohio 2018), an approach that was affirmed by the Sixth Circuit in a case

where no evidence was presented to establish a "contrary standard rate," *see Lasley*, 771 F.3d at 310 (describing EAJA-based standard rates of $180 and $165 per hour as "the standard rates applied to social security fee requests in the Southern District of Ohio"). Other courts have declined to follow an EAJA-based standard, observing that "the EAJA does not set fees at the market rate" and "applies to 'any civil action brought by or against' an agency of the United States and it is not tailored to the social security benefits context or this legal market." *Hostetter*, 2024 WL 1638918, at *2-3 (quoting 28 U.S.C. § 2412(b)).

Courts in this district have found an hourly rate of $350 per hour to be reasonable for non-contingent social security work. *See Chorak v. Comm'r of Soc. Sec.*, No. 5:18-CV-2243, 2024 WL 1611482, at *3 (N.D. Ohio Feb. 7, 2024) (citing cases); *Hostetter*, 2024 WL 1638918, at *2 (citing cases). One court concluded that the market rate for social security representation in Ohio is $336 per hour, based on a 2019 report from the Ohio State Bar Association, *Steigerwald v. Saul*, No. 1:17-cv-01516, 2020 WL 6485107, at *5 n. 81 (N.D. Ohio Nov. 4, 2020), a finding that was upheld in a published opinion by the Sixth Circuit, *see Steigerwald v. Comm'r of Social Sec.,* 48 F. 4th 632 (6th Cir. 2022).

Here, Plaintiff's counsel has not submitted to the Court "a statement of [her] normal hourly billing charge for noncontingent-fee cases," *Gisbrecht*, 535 U.S. at 808, or otherwise presented evidence to aid the Court in assessing the "standard rate" for her representation. In the absence of case-specific evidence, and having reviewed the applicable authority, the undersigned concludes that $350 per hour is the most appropriate "standard rate" to use in assessing whether the contingency-fee agreement in this case is per se reasonable. The rate is supported by measures tailored specifically to social security practitioners in Ohio, unlike EAJA fees which are not based on market rates or tailored to social security practitioners.

Doubling the standard rate of $350.00 results in a per se reasonable hourly rate of $700.00 per hour. *Hayes*, 923 F.2d at 422. Considering the 27.6 hours of work reported by Plaintiff's counsel (ECF Doc. 10-3), the requested fee award of $30,000 would result in an effective hourly rate of $1086.96. That is much higher than $700, meaning that the fee request is not per se reasonable. The undersigned therefore turns to the reasonableness of the fee request.

**C.     Reasonableness of Fee Request**

Plaintiff's counsel argues that the requested $30,000 fee award is reasonable and would not result in an underserved windfall because: the matter was pending for more than four years before Plaintiff was awarded benefits as of May 2019 (*id.* at p. 2); counsel's efforts resulted in "excellent results for Plaintiff"; (*id.*); and because Plaintiff is 51 years old, the total value of his claim considering anticipated future benefits is $847,000.00 (*id.* at pp. 2, 4).

The first argument—that the matter was pending for over four years before benefits were awarded—actually weighs against a finding that the requested fee is reasonable. The Sixth Circuit has long expressed concern regarding delays, even those not caused by attorneys, that have "the effect of substantially increasing the maximum amount of allowable attorney fees if based upon a percentage of the entire amount of accumulated benefits." *Ringel*, 295 F. Supp. 3d at 835 (quoting *Dearing v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1082, 1083 (6th Cir. 1987)). Courts have explained that a failure to take long administrative delays into account in evaluating the reasonableness of attorney fee requests may cause claimants to be "punished twice":

> First, they do not receive their benefits in a timely manner. Second, their retroactive benefits are reduced by 25% for the full length of the administrative process. Thus, the only party ultimately benefitting from such a delay is the attorney.

*Chorak*, 2024 WL 1611482, at *3 (quoting *Thatch v. Comm'r of Soc. Sec.*, No. 1:09CV454, 2012 WL 2885432, at *6 (N.D. Ohio 2012)). "The crux of the issue" in cases involving long delays

6

"is whether the attorney or the disabled claimant should bear the greater risk for unusually long delay, whether at the administrative or judicial level." *Ringel*, 295 F. Supp. 3d at 835; *Chorak*, 2024 WL 1611482, at *4 (quoting *Ringel*).

Here, the time and effort expended by Plaintiff's counsel in federal court was relatively minimal. Regardless of what time was spent in administrative proceedings before or after this Court's judgment, the present case was pending in federal court for less than five months, having been dismissed by joint stipulation after Plaintiff filed his initial Brief on the Merits. (*See* ECF Docs. 1, 7, 9.) The limited time spent in federal court is most relevant to the reasonableness assessment, since "in the social security fees context, 'each tribunal may award fees only for the work done before it.'" *Hostetter*, 2024 WL 1638918, at *4 (quoting *Horenstein v. Sec'y of Health and Hum. Servs.*, 35 F.3d 261, 262 (6th Cir. 1994)).

Weighing the limited time and effort Plaintiff's counsel spent on this case against the detrimental impact of long administrative delays on the recovery of benefits subject to a contingency fee agreement, the undersigned finds the long pendency of the action weighs against—not in favor of—a finding that the requested fees are reasonable. *See Lasley*, 771 F.3d at 310 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.") (internal citations and quotations omitted).

As to Plaintiff's counsel's assertion that she obtained "excellent results for Plaintiff," it is not disputed that she was instrumental in obtaining a favorable result in this case. Nevertheless, "the 'brevity' and 'relative simplicity' of the representation" is also relevant to a determination of the reasonableness of the fee award. *Lasley*, 771 F.3d at 310; *Hostetter*, 2024 WL 1638918, at *3 (quoting *Lasley*). Plaintiff's counsel asserts that she has been practicing law for over 40 years and has represented over 600 claimants before the federal courts (ECF Doc. 10, p. 3), but does

7

not offer any explanation or argument to suggest that her brief representation in this case involved atypical or particularly complex work, asserting simply that her "representation was effective and resulted in Plaintiff being awarded benefits" (*id.* at p. 4).  Given the brevity and relative simplicity of the representation in this case and the large benefit award at issue, the undersigned finds the full $30,000 fee award requested would result in a windfall to counsel.  *See Hayes*, 923 F.2d at 420–21 (counsel may be found to "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended") (emphasis removed).

As to counsel's final argument that the total value of Plaintiff's disability benefits may amount to as much as $847,000.00 over his lifetime, and that the requested fee award will only constitute 3.5% of those benefits, the undersigned finds the argument unavailing.  Plaintiff's counsel has provided no authority to support a finding that the anticipated lifetime value of Plaintiff's claim, rather than the actual benefit award, should be considered in determining the appropriateness of a contingent fee or whether there would be a windfall.  Indeed, the authority above relating to the unfair impact of administrative delays suggests quite the opposite.

For the reasons set forth above, the undersigned concludes that an award of $30,000.00, which would compensate Plaintiff's counsel at an effective hourly rate of $1086.96, is unreasonable because it would amount in a windfall to Plaintiff's counsel.  *See e.g.*, *Hostetter*, 2024 WL 1638918; *Chorak*, 2024 WL 1611482.  At the same time, considering Plaintiff's counsel's experience in handling social security matters, the favorable result achieved, and the finding herein that $350.00 is a reasonable standard hourly rate in this market, the undersigned finds that Plaintiff's counsel is entitled to a reduced fee calculated based on an hourly rate of $700.00, or a total amount of $19,320.00.  However, for the reasons explained below, the

undersigned further finds that this amount—$19,320.00—should be reduced because Plaintiff's counsel did not seek EAJA fees.

**D.      Reduction for Not Seeking EAJA Fees**

 Unlike EAJA fees, which the government pays, § 406(b)(1) fees are paid out the claimant's past due benefits. *See Chorak*, 2024 WL 1611482, at *5.  Thus, courts have reduced fee awards sought under §406(b) where counsel did not seek EAJA fees. *Id.* at *5 (citing district court cases within and outside the Sixth Circuit).  This is because "[w]hen an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff does not receive the benefit of having the lower award." *Id.* (quoting *Floyd v. Colvin*, No. 15-CV-02551-TMP, 2019 WL 2571264, at *3 (W.D. Tenn. June 21, 2019)) (alterations in original).

Here, the likely award of EAJA attorney fees if Plaintiff's counsel sought EAJA fees would have been $3,450.00, assuming a minimum EAJA hourly rate of $125.00 multiplied by 27.6 hours billed by counsel.  That amount would have had to be refunded to Mr. Stefan upon an award of § 406(b)(1) fees. *See Gisbrecht*, 535 U.S. at 796.  Accordingly, the undersigned concludes that the amount of $19,320.00 should be reduced by this amount for a total award of attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $15,870.00.

### IV.    Recommendation

For the reasons explained, the undersigned recommends that the Court **GRANT IN PART and DENY IN PART** Plaintiff's Motion (ECF Doc. 10) and award Plaintiff's counsel $15,870.00 under 42 U.S.C. § 406(b)(1).

November 18, 2024

> */s/ Amanda M. Knapp*
> AMANDA M. KNAPP
> UNITED STATES MAGISTRATE JUDGE

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).