IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Alan Stefan, | Case No. 5:22CV00754 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge Amanda M. Knapp |
| Commissioner of Social Security, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Amanda M. Knapp (Doc. No. 13), recommending that Plaintiff Alan Stefan's Counsel's Motion for Attorney Fees in the amount of $30,000.00 pursuant to 42 U.S.C. § 406(b)(1) be granted in part and denied in part, and that Plaintiff's Counsel be awarded $15,780.00. No objections have been filed. For the following reasons, the Report and Recommendation ("R&R") is ADOPTED and Plaintiff's Counsel's Motion for Attorney Fees (Doc. No. 13) is GRANTED IN PART and DENIED IN PART as set forth in the R&R.

I. **Background**

On May 10, 2022, Plaintiff Alan Stefan filed a Complaint (Doc. No. 1) challenging the final decision of the Defendant Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 *et seq*. ("Act"). Pursuant to Local Rule 72.2(b), the case was referred to the Magistrate Judge.

On October 4, 2022, the parties filed a Joint Stipulation to Remand to the Commissioner for further proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 8.) The Court entered the Stipulated Remand on October 7, 2022. (Doc. No. 9.)

Nearly two years later, on September 9, 2024, Plaintiff's Counsel, Attorney Debra S. Shifrin, filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. No. 10.) Therein, Attorney Shifrin represents that Plaintiff prevailed on remand and that the Commissioner awarded Plaintiff "slightly more than $197,600.00 in total Title II past due benefits." (*Id*. at p. 1.) Attorney Shifrin requests that the Court authorize an award of attorney fees in the amount of $30,000.00 from Plaintiff's past due benefits. (*Id*. at p. 3.) The Commissioner filed a Response on September 16, 2024, in which it does not take a position regarding Attorney Shifrin's request but notes (in a footnote) that "[a]warding the full amount requested by Plaintiff's counsel would result in reimbursement at a rate of $1,086.96 per billed hour." (Doc. No. 12.)

The Court referred the Motion for Attorney's Fees to Magistrate Judge Knapp. *See* Non-Doc. Order dated Sept. 10, 2024. On November 18, 2024, the Magistrate Judge issued a R&R in which she discussed and applied the applicable law and determined that "an award of $30,000.00, which would compensate Plaintiff's counsel at an effective hourly rate of $1,086.96, is unreasonable because it would amount in a windfall to Plaintiff's counsel." (Doc. No. 13 at p. 8.) The Magistrate Judge went on to recommend that Attorney Shifrin instead be awarded a total of $15,870.00 in attorney fees. (*Id*. at pp. 8-9.) Objections were due within fourteen (14) days, i.e., by December 2, 2024. No objections were filed.

**II.**     **Standard of Review**

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

### III.  Analysis and Conclusion

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Knapp that Plaintiff's Counsel's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) be granted in part and denied in part and that Plaintiff's Counsel should be awarded a total of $15,870.00 in attorney fees. This Court has nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Knapp is, therefore, ADOPTED. For the reasons set forth in the Report & Recommendation, Plaintiff's Counsel's Motion for Attorney Fees (Doc. No. 10) is

GRANTED IN PART and DENIED IN PART as follows. Plaintiff's Counsel, Attorney Debra Shifrin, is awarded $15,870.00 in attorney fees pursuant to 42 U.S.C. § 406(b)(1).

**IT IS SO ORDERED.**

Date: December 5, 2024

                                        *s/Pamela A. Barker*
                                        PAMELA A. BARKER
                                        U. S. DISTRICT JUDGE